## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE HEARTWARE INTERNATIONAL, INC.
SECURITIES LITIGATION

NO. 1:16-CV-00520 (RA)

## DEFENDANTS' ANSWER AND JURY DEMAND

Michael G. Bongiorno
Fraser L. Hunter
Jeremy T. Adler
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
michael.bongiorno@wilmerhale.com
fraser.hunter@wilmerhale.com
jeremy.adler@wilmerhale.com

*Counsel for Defendants HeartWare International,
Inc. and Douglas E. Godshall*

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants HeartWare International, Inc. and Douglas E. Godshall hereby respond to the Amended Class Action Complaint, dated June 29, 2016 (the "Amended Complaint"). In responding to the Amended Complaint, Defendants do not admit that they bear the burden of proving any of the defenses set forth below, or the relevance of any of Plaintiff's allegations. To the extent not explicitly admitted, Defendants deny all allegations in the Amended Complaint.

Defendants deny each allegation except where specifically admitted, and in every respect deny liability, deny that they engaged in any improper conduct, and deny that Plaintiff is entitled to relief. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's confidential witnesses, including whether the source(s) actually provided the information attributed to them.

No response is required to Plaintiff's headings and titles in the Amended Complaint, which consist solely of Plaintiff's characterizations of this action. Defendants deny each and every remaining allegation contained therein.

Defendants respond to the specifically numbered allegations in the Amended Complaint as follows:

1.      Defendants admit that this is an action that purports to assert claims under the federal securities laws on behalf of certain persons who acquired HeartWare International, Inc. ("HeartWare" or the "Company") securities between June 10, 2014 and January 10, 2016 (the "purported Class Period"). No response is required to the allegations in Paragraph 1 that merely purport to describe the Amended Complaint, which speaks for itself. Defendants deny the remaining allegations in Paragraph 1.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 regarding information that Lead Counsel for Plaintiff purportedly reviewed as part of any investigation.  Defendants deny that many of the facts supporting the allegations contained in the Amended Complaint are known only to Defendants or are exclusively within Defendants' custody or control.  Defendants deny the remaining allegations in Paragraph 2.

3.      No response is required to the allegations in Paragraph 3 that purport to describe the Amended Complaint, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 3.

4.      Defendants admit that HeartWare manufactures implantable heart pumps, or ventricular assist devices ("VADs"), to treat patients suffering from heart failure.  Defendants further admit that, during the putative class period, the HeartWare Ventricular Assist System ("HVAD") was HeartWare's only commercialized product.  Defendants further admit that Thoratec manufactures VADs.  Defendants deny the remaining allegations in Paragraph 4.

5.      No response is required to the allegations in Paragraph 5 that purport to characterize and quote transcripts of the Company's quarterly and year-end earnings calls and investor conferences, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 5.

6.      No response is required to the allegations in Paragraph 6 that purport to characterize and quote analyst reports, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 6.

7.      Defendants admit that the CE Mark trial was a part of the process to obtain regulatory approval to market HeartWare's Miniature Ventricular Assist System ("MVAD") in Europe.  Defendants further admit that HeartWare received a Warning Letter from the U.S. Food and Drug Administration ("FDA") on June 3, 2014.  No response is required to the allegations in Paragraph 7 that purport to characterize the Warning Letter, which speaks for itself.  Defendants deny that the characterizations are complete or accurate.  No response is required to the allegations in the fourth through sixth sentences of Paragraph 7, which consist of legal conclusions and statements concerning the purported bases for alleged legal requirements. Defendants deny the remaining allegations in Paragraph 7.

8.      No response is required to the allegations in Paragraph 8 that purport the characterize and quote the Warning Letter and transcripts of the Company's quarterly earnings call and investor conferences, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 8.

9.      No response is required to the allegations in Paragraph 9 that purport to characterize and quote transcripts of the Company's quarterly earnings calls and investor conferences, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 9.

10.      Defendants admit that pump thrombosis is a type of adverse event associated with VADs.  Defendants deny that Plaintiff's characterization of pump thrombosis is complete or accurate.  No response is required to the allegations in Paragraph 10 that purport to characterize and quote the transcript of an institutional investor conference, which speaks for itself.

Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 10.

11.     Defendants admit that the MVAD controller contains the device's alarm system. No response is required to the allegations in Paragraph 11 that purport to characterize and quote the transcripts of an analyst and investor meeting and an institutional investor conference, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 11.

12.     No response is required to the allegations in Paragraph 12 that purport to characterize and quote transcripts of the Company's quarterly earnings calls, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements from unidentified analysts. Defendants deny the remaining allegations in Paragraph 12.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 that concern Lead Plaintiff's investigation and statements allegedly made by unnamed former HeartWare personnel. Defendants deny the remaining allegations in Paragraph 13.

14.     No response is required to the allegations in Paragraph 14 that purport to characterize and quote the transcript of an investor conference and other unidentified statements by Defendants, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 14.

15.     Defendants deny the allegations in Paragraph 15.

16.     Defendants admit that Godshall attended meetings where, to varying degrees, the suction alarm, algorithms, qPulse or display were discussed over time.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 concerning statements allegedly made by an unnamed former high-ranking HeartWare executive.  Defendants deny the remaining allegations in Paragraph 16.

17.     No response is required to the allegations in Paragraph 17 that purport to characterize the Company's July 20, 2015 press release, which speaks for itself.  Defendants deny that the characterizations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 17.

18.     No response is required to the allegations in Paragraph 18 that purport to characterize the Company's September 1, 2015 Form 8-K and accompanying exhibits, which speak for themselves.  Defendants deny that the characterizations are complete or accurate.  Defendants refer to the Company's September 1, 2015 Form 8-K and accompanying exhibits for the terms of the Business Combination Agreement (the "Valtech Agreement").  Defendants deny the remaining allegations in Paragraph 18.

19.     No response is required to the allegations in Paragraph 19 that purport to characterize and quote an analyst report, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 19.

20.     Defendants admit that the closing price of HeartWare's common stock was $81.81 per share on September 1, 2015, and was $64.82 per share on September 2, 2015.  No response is required to the allegations in Paragraph 20 that purport to characterize and quote the transcript of an investor conference call, which speaks for itself.  Defendants deny that the

characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 20.

21.     Defendants admit that, as of September 20, 2015, there were three adverse events in the first eleven patients implanted with the MVAD. Defendants deny the remaining allegations in Paragraph 21.

22.     Defendants admit that the Journal of Heart and Lung Transplantation published an article in December 2013 titled "An analysis of pump thrombus events in patients in the HeartWare ADVANCE bridge to transplant and continued access protocol trial." No response is required to the allegations in Paragraph 22 that purport to characterize the article, which speaks for itself. Defendants deny that the characterizations are complete or accurate. Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants admit that closing price of HeartWare's common stock was $50.07 per share on October 9, 2015 and $35.21 per share on October 13, 2015. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements from unidentified analysts. No response is required to the allegations in Paragraph 23 that purport to characterize and quote the Company's October 13, 2015 Form 8-K, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 23.

24.     No response is required to the allegations in Paragraph 24 that purport to characterize and quote a written statement from the Company and the Company's quarterly earnings call, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 24.

25.     No response is required to the allegations in Paragraph 25 that purport to characterize the transcript of an investor conference, which speaks for itself.  Defendants deny that the characterizations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 25.

26.     Defendants admit that the closing price of HeartWare's common stock was $40.84 per share on January 11, 2016, and was $26.50 per share on January 12, 2016.  No response is required to the allegations in Paragraph 26 that purport to characterize and quote the transcript of an investor conference and an analyst report, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 26.

27.     Defendants admit that the closing price for HeartWare common stock was $81.81 per share on September 1, 2015 and $26.50 per share on January 12, 2016.  Defendants deny the remaining allegations in Paragraph 27.

28.     Defendants admit that the FDA Warning Letter was still in effect, and that HeartWare had not restarted the MVAD trial, as of the date of the Amended Complaint.

29.     No response is required to the first sentence of Paragraph 29, which purports to characterize this Court's April 11, 2016 Order, which speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, which concern Lead Plaintiff.  Defendants deny the remaining allegations in Paragraph 29.

30.     Defendants admit that HeartWare is a medical device company that develops and manufactures implantable heart pumps, called "ventricular assist devices" or "VADs," used to treat patients suffering from heart failure, that HeartWare was headquartered in Framingham,

Massachusetts during the putative class period, and that the Company's common stock traded on the Nasdaq Stock Market ("Nasdaq") under the symbol "HTWR." Defendants deny the remaining allegations in Paragraph 30.

31.     Defendants admit that Godshall was the President and Chief Executive Officer of HeartWare beginning in September 2006, and that he became a director of the Company in October 2006. Defendants deny the remaining allegations in Paragraph 31.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     Defendants admit that CAPA is an acronym for "corrective and preventative action." Defendants deny that Plaintiff's description of the CAPA process is complete or accurate. No response is required to the allegations in Paragraph 35 that consist solely of legal conclusions. To the extent a response is required, Defendants admit that FDA regulations require medical device companies to establish and maintain CAPA procedures. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 concerning an unidentified former employee. Defendants deny the remaining allegations in Paragraph 35 and footnote 1.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.　　Defendants admit that, for a portion of the putative class period, Jonathan Eagle was the Company's Principal Electronics Engineer and Sanjeev Pandya was the Associate Director of Research and Development at the Company. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.　　Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.　　Defendants admit that HeartWare's common stock was traded on Nasdaq. No response is required to the allegations in Paragraph 39 that consist solely of legal conclusions. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 39.

40.　　No response is required to the allegations in Paragraph 40, which consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 40.

41.　　Defendants admit that HeartWare develops and manufactures miniaturized implantable heart pumps, or VADs, to treat patients suffering from advanced heart failure, that HeartWare currently has one commercialized product, the HVAD, that the core of the HVAD is a continuous flow blood pump that is implanted adjacent to the heart, and that HeartWare's only internal manufacturing facility is located in Miami Lakes, Florida. Defendants deny the remaining allegations in Paragraph 41.

42.　　Defendants admit that VADs are designed to take over some or all of the pumping function of the heart in patients whose heart's pumping power is weaker than normal, generally because the left ventricle is not working properly, that the HVAD is designed to generate blood flow, and that the HVAD is powered by a controller, which is carried external to the body and

monitors the HVAD's pump. Defendants deny the remaining allegations in Paragraph 42, and deny that Figure 1 represents a complete and accurate rendering of the HVAD.

43. No response is required to the allegations in Paragraph 43 and Figure 2 that purport to characterize the Company's quarterly net revenues stated in the Company's SEC filings, which speak for themselves. Defendants deny that the characterizations are complete or accurate. Defendants deny the remaining allegations in Paragraph 43.

44. No response is required to allegations in Paragraph 44 that purport to characterize and quote a November 2013 article in the New England Journal of Medicine, the transcript of an investor conference, and a Canaccord analyst report, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. To the extent that the descriptions of the documents in paragraph 44 are deemed factual allegations, Defendants deny those allegations, and otherwise deny the allegations in Paragraph 44.

45. Defendants admit that the Centers for Medicare & Medicaid Services ("CMS") issued a National Coverage Determination for Artificial Hearts and Related Devices, effective October 30, 2013 (the "NCD"). No response is required to the allegations in Paragraph 45 that purport to characterize and quote the NCD and the transcript of the Company's quarterly and year-end earnings call, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 45.

46. No response is required to the allegations in Paragraph 46 that purport to characterize and quote a Leerink analyst report, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 46.

47.     No response is required to the allegations in Paragraph 47 that purport to characterize and quote the Company's SEC filings, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 47.

48.     No response is required to the allegations in Paragraph 48 that purport to characterize and quote transcripts of the Company's quarterly and year-end earnings calls and conferences, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 48.

49.     No response is required to the allegations in Paragraph 49 that purport to characterize and quote the transcripts of investor conferences, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 49.

50.     No response is required to the allegations in Paragraph 50 that purport to characterize and quote analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 regarding the state of mind of analysts and investors. Defendants deny the remaining allegations in Paragraph 50.

51.     No response is required to the allegations in Paragraph 51 that purport to characterize analyst reports, which speak for themselves. Defendants deny that the characterizations are complete or accurate. Defendants deny the remaining allegations in Paragraph 51.

52. No response is required to the allegations in Paragraph 52 that purport to characterize and quote transcripts of the Company's quarterly earnings calls, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 regarding the state of mind of investors. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants admit that a "CE Marking" indicates that a product meets the safety and other requirements to be approved for sale in the European Union. No response is required to the allegations in Paragraph 53 that purport to characterize the transcript of an unidentified investor conference, which speaks for itself. Defendants deny that the characterizations are complete or accurate. Defendants deny the remaining allegations in Paragraph 53.

54. No response is required to the allegations in Paragraph 54 that purport to characterize and quote an unsourced statement and a Wells Fargo analyst report, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 54.

55. No response is required to the allegations in the third and fourth sentences of Paragraph 55, which consist solely of legal conclusions. No response is required to the allegations in the fifth sentence of Paragraph 55, which purports to characterize and quote the Company's SEC filings, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 55.

56. Defendants admit that the FDA conducted an inspection of HeartWare's Miami Lakes facility between January 13, 2014 and January 24, 2014, and that the FDA issued

HeartWare a FDA Form 483 after the inspection concluded. No response is required to the allegations in Paragraph 56 that consist solely of legal conclusions, or that purport to characterize the FDA Form 483, which speaks for itself. Defendants deny that the characterizations are complete or accurate. Defendants otherwise deny the allegations in Paragraph 56.

57. Defendants admit that the FDA sent the Company a Warning Letter on June 2, 2014, and that the letter was addressed to Godshall. No response is required to the allegations in Paragraph 57 that purport to characterize and quote the Warning Letter, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. To the extent that the characterizations or quotations of the Warning Letter are deemed to constitute factual allegations, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 57.

58. No response is required to the allegations in Paragraph 58 that purport to characterize and quote the Warning Letter, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. To the extent that the characterizations or quotations of the Warning Letter are deemed to constitute factual allegations, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 58.

59. No response is required to the allegations in Paragraph 59 that purport to characterize and quote the Warning Letter, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. To the extent that the characterizations or quotations of the Warning Letter are deemed to constitute factual allegations, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 59.

60.     No response is required to the allegations in Paragraph 60 that purport to characterize and quote the Warning Letter, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent that the characterizations or quotations of the Warning Letter are deemed to constitute factual allegations, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 60.

61.     No response is required to the allegations in Paragraph 61 that purport to characterize and quote the Company's SEC filings and the transcript of an investor conference, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 61.

62.     No response is required to the allegations in Paragraph 62 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 62.

63.     No response is required to the allegations in Paragraph 63 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 63.

64.     No response is required to the allegations in Paragraph 64 that purport to characterize and quote the transcripts of an investor conference and the Company's quarterly earnings call, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 64.

65. No response is required to the allegations in Paragraph 65 that purport to characterize and quote the transcript of an investor conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 65.

66. No response is required to the allegations in Paragraph 66 that purport to characterize and quote an analyst report, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 66.

67. No response is required to the allegations in Paragraph 67 that purport to characterize unidentified statements by Defendants, which speak for themselves. Defendants deny that the characterizations are complete or accurate. No response is required to the allegations in Paragraph 67 that consist solely of legal conclusions. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 67.

68. No response is required to the allegations in Paragraph 68 that purport to characterize and quote the transcript of an investor conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 68.

69. No response is required to the allegations in Paragraph 69 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 69.

70. No response is required to the allegations in Paragraph 70 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for

itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 70.

71.     No response is required to the allegations in Paragraph 71 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 71.

72.     No response is required to the allegations in Paragraph 72 that purport to characterize and quote the transcript of an investor conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 72.

73.     Defendants admit that, in December 2014, HeartWare initiated a submission to commence a CE Mark trial. No response is required to the allegations in Paragraph 73 that purport to characterize and quote transcripts of the Company's quarterly earnings calls, investor conferences, and SEC filings, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 73.

74.     No response is required to the allegations in Paragraph 74 that purport to characterize and quote analyst reports, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 regarding the state of mind of analysts.  Defendants deny the remaining allegations in Paragraph 74.

75.     No response is required to the allegations in Paragraph 75 that purport to characterize and quote analyst reports and the transcript of the Company's quarterly earnings

call, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 regarding the state of mind of analysts. Defendants deny the remaining allegations in Paragraph 75.

76. No response is required to the allegations in Paragraph 76 that purport to characterize and quote a Canaccord Genuity analyst report, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants admit that pump thrombosis is an adverse event associated with VADs. Defendants deny that Plaintiff's characterization of pump thrombosis is complete or accurate. Defendants further admit that the FDA issued a Safety Communication on August 5, 2015 addressing serious adverse events linked to left ventricular assist devices ("LVADs"). No response is required to the allegations in Paragraph 78 that purport to characterize and quote a JPMorgan analyst report, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 78.

79. No response is required to the allegations in Paragraph 79 that purport to characterize and quote transcripts of investor conferences, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 79.

80. No response is required to allegations in Paragraph 80 that purport to characterize and quote a November 2013 article in the New England Journal of Medicine and published data from HVAD clinical trials, which speak for themselves. Defendants deny that the descriptions

and quotations are complete or accurate. No response is required to the allegations in Paragraph 80 that purport to characterize and quote transcripts of investor conferences, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. To the extent that the descriptions of the published data for HVAD clinical trials are deemed factual allegations, Defendants deny those allegations, and otherwise deny the allegations in Paragraph 80.

81.     No response is required to allegations in Paragraph 81 that purport to characterize a November 2013 article in the New England Journal of Medicine, the transcript of an investor conference, and a Wells Fargo analyst report, which speak for themselves. Defendants deny that the characterizations are complete or accurate. Defendants deny the remaining allegations in Paragraph 81.

82.     Defendants admit that Thoratec issued a press release on September 27, 2015. No response is required to the allegations in Paragraph 82 that purport to characterize the Thoratec press release, which speaks for itself. Defendants deny that the characterizations are complete or accurate. Defendants deny the remaining allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

84.     No response is required to the allegations in Paragraph 84 that purport to characterize and quote a Credit Suisse analyst report, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 regarding the state of mind of analysts and investors. Defendants deny the remaining allegations in Paragraph 84, and deny that definition of impeller in footnote 2 is complete or accurate.

85.     No response is required to the allegations in Paragraph 85 that purport to characterize and quote analyst reports, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 regarding the state of mind of analysts and investors.  Defendants deny the remaining allegations in Paragraph 85.

86.     Defendants admit that the controller was responsible for certain functions of the MVAD.  No response is required to the allegations in Paragraph 86 that purport to characterize and quote unidentified statements by Defendants, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations of Paragraph 86.

87.     No response is required to the allegations in Paragraph 87 that purport to characterize and quote transcripts of investor conferences, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 87.

88.     Defendants admit that the qPulse algorithm was housed inside the MVAD controller.  No response is required to the allegations in Paragraph 88 that purport to characterize and quote the Company's July 20, 2015 press release, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 88.

89.     No response is required to the allegations in Paragraph 89 that purport to characterize and quote analyst reports, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 89 regarding the state of mind of analysts. Defendants deny the remaining allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants admit that Jeff LaRose was the Company's Chief Scientific Officer, that Mr. LaRose reported directly to Godshall, and that Mark Strong was the Company's Senior Vice President for Research, Development and Quality. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 that concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 92

93. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, which concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

94. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 that concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 94.

95. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 that concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. No response is required to the allegations in Paragraph 95 that purport to characterize and quote the transcript of a health care conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 95.

96. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, which concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

97. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, which concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

98. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, which concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 that concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 99.

100.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, which concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

101.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, which concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

102.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, which concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

103.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, which concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether

the allegations completely and accurately construe those statements, and therefore deny those allegations.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, which concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 that concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106.

107.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 that concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 107, and deny that Figure 3 represents a complete and accurate rendering of the MVAD.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, which concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether

the allegations completely and accurately construe those statements, and therefore deny those allegations.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 that concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 109.

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, which concern statements allegedly made by an unnamed former HeartWare contractor employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, which concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, which concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

113.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, which concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

114.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 that concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 114.

115.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, which concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

116.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, which concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

117.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 that concern statements allegedly made by an unnamed former HeartWare employee.  Defendants lack knowledge or information as to whether the

allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 117.

118.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, which concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

119.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, which concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

120.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, which concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

121.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 that concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 121.

122. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, which concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

123. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, which concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.

124. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 that concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 124.

125. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 that concern statements allegedly made by an unnamed former HeartWare employee. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 125.

126. No response is required to the allegations in Paragraph 126 that purport to characterize and quote analyst reports and the transcripts of investor conferences, which speak

for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 126.

127.    No response is required to the allegations in Paragraph 127 that purport to characterize and quote transcripts of an investor conference, the Company's quarterly earnings call and the Company's July 20, 2015 press release, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 127.

128.    Defendants admit that Valtech did not manufacture VADs at the time of the announcement of the Valtech Agreement, and that Valtech manufactured transcatheter devices for valve repair and replacement.  No response is required to the allegations in Paragraph 128 that purport to characterize the Company's September 1, 2015 Form 8-K and the transcript of the Company's September 1, 2015 investor conference call, which speak for themselves.  Defendants deny that the characterizations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 128.

129.    No response is required to the allegations in Paragraph 129 that purport to characterize and quote unidentified analyst reports, which speak for themselves.  Defendants deny that the characterizations are complete or accurate.  Defendants deny that the allegations in Paragraph 129 concerning the terms of the Valtech Agreement are complete or accurate, and refer to the Company's September 1, 2015 Form 8-K and accompanying exhibits for the terms of the agreement.  Defendants deny the remaining allegations in Paragraph 129.

130.    Defendants deny that the allegations in Paragraph 130 concerning the terms of the Valtech Agreement are complete or accurate, and refer to the Company's September 1, 2015 Form 8-K and accompanying exhibits for the terms of the agreement.  Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 regarding the state of mind of investors. Defendants deny the remaining allegations in Paragraph 130.

131. No response is required to the allegations in Paragraph 131 that purport to characterize and quote a Wells Fargo analyst report, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 131.

132. No response is required to the allegations in Paragraph 132 that purport to characterize and quote a JPMorgan analyst report, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 132.

133. Defendants admit that the closing price of HeartWare's common stock was $81.81 per share on September 1, 2015, and was $64.82 per share on September 2, 2015. Defendants further admit that the volume of trading on September 2, 2015 was more than 4.3 million shares, and that the average volume of trading from June 1, 2015 to September 1, 2015 was 268,221 shares traded per day. Defendants deny the remaining allegations in Paragraph 133.

134. No response is required to the allegations in Paragraph 134 that purport to characterize and quote the transcript of the Company's September 1, 2015 investor conference call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 134.

135. No response is required to the allegations in Paragraph 135 that purport to characterize and quote Leerink and Barclays analyst reports, which speak for themselves.

Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 135.

136.     No response is required to the allegations in Paragraph 136 that purport to characterize and quote a public letter from Engaged Capital, LLC, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 136.

137.     Defendants deny the allegations in paragraph 137.

138.     No response is required to the allegations in Paragraph 138 that purport to characterize and quote transcripts of investor conferences, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 138.

139.     No response is required to the allegations in Paragraph 139 that purport to characterize and quote transcripts of investor conferences, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 139.

140.     No response is required to the allegations in Paragraph 140 that purport to characterize and quote the transcript of an investor conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 140.

141.     No response is required to the allegations in Paragraph 141 that purport to characterize and quote the transcript of an investor conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 141.

142. No response is required to the allegations in Paragraph 142 that purport to characterize and quote the transcript of an investor conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 142.

143. No response is required to the allegations in Paragraph 143 that purport to characterize and quote a Piper Jaffray analyst report, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 regarding the state of mind of analysts. Defendants deny the remaining allegations in Paragraph 143.

144. No response is required to the allegations in Paragraph 144 that purport to characterize and quote analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 regarding the state of mind of analysts and investors. Defendants deny the remaining allegations in Paragraph 144.

145. Defendants admit that, as of September 20, 2015, there were three adverse events in the first eleven patients implanted with the MVAD. Defendants deny the remaining allegations in Paragraph 145.

146. No response is required to allegations in Paragraph 146 that purport to characterize and quote a November 2013 article in the New England Journal of Medicine, which speaks for itself. Defendants deny that the descriptions and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 146.

147.    No response is required to the allegations in Paragraph 147 that purport to characterize and quote a Leerink analyst report, which speaks for itself.  Defendants deny that the descriptions and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 147.

148.    No response is required to the allegations in Paragraph 148 that purport to characterize and quote analyst reports, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 148.

149.    No response is required to the allegations in Paragraph 149 that purport to characterize and quote a Leerink analyst report, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 149.

150.    No response is required to the allegations in Paragraph 150 that purport to characterize and quote a Thoratec press release, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 150.

151.    No response is required to the allegations in Paragraph 151 that purport to characterize analyst reports, which speak for themselves.  Defendants deny that the characterizations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 151.

152.    No response is required to the allegations in Paragraph 152 that purport to characterize and quote the Company's October 13, 2015 announcement, which speaks for itself.

Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 152.

153. No response is required to the allegations in Paragraph 153 that purport to characterize and quote the transcript of an investor conference and Canaccord analyst report, which speak for themselves. Defendants deny that the characterizations are complete or accurate. Defendants deny the remaining allegations in Paragraph 153.

154. No response is required to the allegations in Paragraph 154 that purport to characterize and quote analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 regarding the state of mind of analysts. Defendants deny the remaining allegations in Paragraph 154.

155. No response is required to the allegations in Paragraph 155 that purport to characterize and quote analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 regarding the state of mind of analysts. Defendants deny the remaining allegations in Paragraph 155.

156. Defendants admit that the closing price of HeartWare's common stock was $50.07 per share on October 9, 2015, and was $35.21 per share on October 13, 2015. Defendants further admit that the volume of trading on October 12, 2015 was 1,552,690 shares, and that the volume of trading on October 13, 2015 was 6,115,903 shares. Defendants deny the remaining allegations in Paragraph 156.

157.     Defendants deny the allegations in paragraph 157.

158.     No response is required to the allegations in Paragraph 158 that purport to characterize the Company's October 13, 2015 Form 8-K and the transcript of the Company's quarterly earnings call, which speak for themselves.  Defendants deny that the characterizations of the Company's statements are complete or accurate.  Defendants deny the remaining allegations in Paragraph 158.

159.     Defendants admit that, as of September 20, 2015, there were three adverse events in the first eleven patients implanted with the MVAD.  Defendants deny the remaining allegations in paragraph 159 and footnote 3.

160.     Defendants deny the allegations in Paragraph 160.

161.     No response is required to the allegations in Paragraph 161 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 161.

162.     No response is required to the allegations in Paragraph 162 that purport to characterize and quote the transcripts of investor conferences and the Company's quarterly earnings call, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 162.

163.     No response is required to the allegations in Paragraph 163 that purport to characterize and quote the transcripts of investor conferences, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 163.

164.     No response is required to the allegations in Paragraph 164 that purport to characterize and quote the transcripts of investor conferences, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 164.

165.     Defendants deny the allegations in Paragraph 165.

166.     No response is required to the allegations in Paragraph 166 that purport to characterize and quote analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 regarding the state of mind of analysts and investors. Defendants deny the remaining allegations in Paragraph 166.

167.     No response is required to the allegations in Paragraph 167 that purport to characterize and quote analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 167.

168.     No response is required to the allegations in Paragraph 168 that purport to characterize the transcript of an investor conference, which speaks for itself. Defendants deny that the characterizations are complete or accurate. Defendants deny the remaining allegations in Paragraph 168.

169.     No response is required to the allegations in Paragraph 169 that purport to characterize the transcript of an investor conference, which speaks for itself. Defendants deny that the characterizations are complete or accurate. Defendants deny the remaining allegations in Paragraph 169.

170. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 that concern statements allegedly made by unnamed former HeartWare employees. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 170.

171. No response is required to the allegations in Paragraph 171 that purport to characterize and quote the transcript of an investor conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 171.

172. Defendants deny the allegations in Paragraph 172.

173. No response is required to the allegations in Paragraph 173 that purport to characterize and quote a JPMorgan analyst report, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 173.

174. No response is required to the allegations in Paragraph 174 that purport to characterize and quote analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 174.

175. Defendants admit that the closing price of HeartWare's common stock was $40.84 per share on January 11, 2016 and $26.50 per share on January 12, 2016. Defendants further admit that the trading volume on January 12, 2016 was more than 7 million shares. Defendants deny the remaining allegations in Paragraph 175.

176.     Defendants admit that the closing price of HeartWare's common stock was $81.81 per share on September 1, 2015 and $26.50 per share on January 12, 2016.  Defendants deny the remaining allegations in Paragraph 176.

177.     No response is required to the allegations in Paragraph 177 that purport to characterize and quote the Company's January 29, 2016 Form 8-K and a letter from Engaged Capital, which speak for themselves.  Defendants deny that the characterizations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 177.

178.     No response is required to the allegations in Paragraph 178 that purport to characterize and quote the Company's press releases, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 178.

179.     No response is required to the allegations in Paragraph 179 that purport to characterize the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 179.

180.     No response is required to the allegations in Paragraph 180 that purport to characterize the Company's June 27, 2016 Form 8-K, which speaks for itself.  Defendants deny that the characterizations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 180.

181.     No response is required to the allegations in Paragraph 181, which consist solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 181.

182.    No response is required to the allegations in Paragraph 182 that purport to characterize and quote transcripts of the Company's quarterly and year-end earnings calls and investor conferences, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 182.

183.    No response is required to the allegations in Paragraph 183 that purport to characterize and quote transcripts of investor conferences, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny that the allegations in Paragraph 183 concerning the terms of the Valtech transaction are complete or accurate, and refer to the Company's September 1, 2015 Form 8-K and accompanying exhibits for the terms of the agreement.  Defendants deny the remaining allegations in Paragraph 183.

184.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 that concern statements allegedly made by former HeartWare employees.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 184.

185.    No response is required to the allegations in Paragraph 185 that purport to characterize and quote transcripts of the Company's analyst and investor meeting and investor conferences, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent the allegations in Paragraph 185 purport to attribute statements to former employees, Defendants lack knowledge or information as to

whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 185.

186. No response is required to the allegations in Paragraph 186 that purport to characterize and quote transcripts of the Company's quarterly and year-end earnings call, investor conferences, and analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 186.

187. No response is required to allegations in Paragraph 187 that purport to characterize and quote a November 2013 article in the New England Journal of Medicine and the Company's SEC filings, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. To the extent that the characterizations are deemed factual allegations, Defendants admit that, as of September 20, 2015, there were three adverse events in the first eleven patients implanted with the MVAD. Defendants deny the remaining allegations in Paragraph 187.

188. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 that concern statements allegedly made by unnamed former HeartWare employees. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants admit that Godshall attended meetings where, to varying degrees, the MVAD controller, software, alarm, display and battery were discussed. Defendants deny the remaining allegations in Paragraph 188.

189. No response is required to the allegations in Paragraph 189 that purport to characterize the Company's SEC filings, press releases, and transcripts of investor calls, which

speak for themselves.  Defendants deny that the characterizations are complete or accurate.

Defendants deny the remaining allegations in Paragraph 189.

190.    No response is required to the allegations in Paragraph 190 that purport to characterize and quote the transcript of a William Blair & Company Growth Stock Conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 190.

191.    No response is required to the allegations in Paragraph 191 that purport to characterize and quote the transcript of a William Blair & Company Growth Stock Conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 191.

192.    No response is required to the allegations in Paragraph 192 that purport to characterize and quote the transcript of a Goldman Sachs Healthcare Conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 192.

193.    No response is required to the allegations in Paragraph 193 that purport to characterize and quote analyst reports, which speaks for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 regarding the state of mind of analysts.  Defendants deny the remaining allegations in Paragraph 193.

194.    No response is required to the allegations in Paragraph 194 that consist solely of legal conclusions or that purport to characterize and quote the transcript of an investor conference, which speaks for itself.  Defendants deny that the characterizations and quotations

are complete or accurate. To the extent that Paragraph 194 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs. Defendants deny the remaining allegations in Paragraph 194.

195.    No response is required to the allegations in Paragraph 195 that consist solely of legal conclusions or that purport to characterize and quote the transcript of an investor conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 195

196.    No response is required to the allegations in Paragraph 196 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 196.

197.    No response is required to the allegations in Paragraph 197 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 197.

198.    No response is required to the allegations in Paragraph 198 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 198.

199.    No response is required to the allegations in Paragraph 199 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 199.

200.     No response is required to the allegations in Paragraph 200 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 200

201.     No response is required to the allegations in Paragraph 201 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 201.

202.     No response is required to the allegations in Paragraph 202 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 202.

203.     No response is required to the allegations in Paragraph 203 that purport to characterize and quote Barclays and Cannacord analyst reports, which speaks for themselves. Defendants deny that the characterizations and quotations are complete or accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 regarding the state of mind of analysts and investors.  Defendants deny the remaining allegations in Paragraph 203.

204.     No response is required to the allegations in Paragraph 204 that consist solely of legal conclusions or that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent that Paragraph 204 incorporates the

allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs. Defendants deny the remaining allegations in Paragraph 204.

205. No response is required to the allegations in Paragraph 205 that consist solely of legal conclusions or that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 205.

206. No response is required to the allegations in Paragraph 206 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 206.

207. No response is required to the allegations in Paragraph 207 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 207.

208. No response is required to the allegations in Paragraph 208 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 208.

209. No response is required to the allegations in Paragraph 209 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 209.

210.     No response is required to the allegations in Paragraph 210 that purport to characterize and quote Barclays and Cannacord analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 210.

211.     No response is required to the allegations in Paragraph 211 that consist solely of legal conclusions or that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. To the extent that Paragraph 211 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs. Defendants deny the remaining allegations in Paragraph 211.

212.     No response is required to the allegations in Paragraph 212 that consist solely of legal conclusions or that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 212.

213.     No response is required to the allegations in Paragraph 213 that consist solely of legal conclusions or that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 213.

214.     No response is required to the allegations in Paragraph 214 that purport to characterize and quote the transcript of a Canaccord Medical Technologies & Diagnostics

Forum, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 214.

215. No response is required to the allegations in Paragraph 215 that consist solely of legal conclusions or that purport to characterize and quote the transcript of a Canaccord Medical Technologies & Diagnostics Forum, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. To the extent that Paragraph 215 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs. Defendants deny the remaining allegations in Paragraph 215.

216. No response is required to the allegations in Paragraph 216 that consist solely of legal conclusions or that purport to characterize and quote the transcript of a Canaccord Medical Technologies & Diagnostics Forum, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 that concern statements allegedly made by unnamed former HeartWare employees. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 216.

217. No response is required to the allegations in Paragraph 217 that consist solely of legal conclusions or that purport to characterize and quote the transcript of an Oppenheimer Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 217.

218. No response is required to the allegations in Paragraph 218 that purport to characterize and quote the transcript of an Oppenheimer Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 218.

219. No response is required to the allegations in Paragraph 219 that purport to characterize and quote a Credit Suisse analyst report, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 regarding the state of mind of analysts and investors. Defendants deny the remaining allegations in Paragraph 219.

220. No response is required to the allegations in Paragraph 220 that consist solely of legal conclusions or that purport to characterize and quote the transcript of an Oppenheimer Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 that concern statements allegedly made by unnamed former HeartWare employees. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 220.

221. No response is required to the allegations in Paragraph 221 that consist solely of legal conclusions or that purport to characterize the transcript of an Oppenheimer Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. To the extent that Paragraph 221 incorporates the allegations

contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs. Defendants deny the remaining allegations in Paragraph 221.

222.    No response is required to the allegations in Paragraph 222 that purport to characterize and quote the Company's February 26, 2015 press release, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 222.

223.    No response is required to the allegations in Paragraph 223 that purport to characterize and quote the transcript of the Company's quarterly and year-end earnings call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 223.

224.    No response is required to the allegations in Paragraph 224 that purport to characterize and quote the transcript of the Company's quarterly and year-end earnings call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 224.

225.    No response is required to the allegations in Paragraph 225 that purport to characterize and quote Barclays and Cannacord analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 225.

226.    No response is required to the allegations in Paragraph 226 that purport to characterize and quote a Credit Suisse analyst report, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 226.

227.    No response is required to the allegations in Paragraph 227 that consist solely of legal conclusions or that purport to characterize and quote the Company's February 26, 2015 press release and the transcript of the Company's quarterly and year-end earnings call, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent that Paragraph 227 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 227.

228.    No response is required to the allegations in Paragraph 228 that consist solely of legal conclusions or that purport to characterize and quote the transcript of the Company's quarterly and year-end earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent that Paragraph 194 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 228.

229.    No response is required to the allegations in Paragraph 229 that purport to characterize and quote the transcript of a Raymond James Institutional Investor Conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 229.

230.    No response is required to the allegations in Paragraph 230 that purport to characterize and quote the transcript of a Raymond James Institutional Investor Conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 230.

231.    No response is required to the allegations in Paragraph 231 that purport to characterize and quote the transcript of a Raymond James Institutional Investor Conference,

which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent that Paragraph 231 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 231.

232.    No response is required to the allegations in Paragraph 232 that consist solely of legal conclusions or that purport to characterize and quote the transcript of a Raymond James Institutional Investor Conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent that Paragraph 232 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 232.

233.    No response is required to the allegations in Paragraph 233 that purport to characterize and quote the transcript of a Barclays Healthcare Conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 233.

234.    No response is required to the allegations in Paragraph 234 that consist solely of legal conclusions or that purport to characterize and quote the transcript of a Barclays Healthcare Conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent that Paragraph 234 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 234.

235.    No response is required to the allegations in Paragraph 235 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for

itself.  Defendants deny that the characterizations and quotations are complete or accurate.

Defendants deny the remaining allegations in Paragraph 235.

236.    No response is required to the allegations in Paragraph 236 that purport to

characterize and quote analyst reports, which speak for themselves.  Defendants deny that the

characterizations and quotations are complete or accurate.  Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 236

regarding the state of mind of analysts.  Defendants deny the remaining allegations in Paragraph

236.

237.    No response is required to the allegations in Paragraph 237 that consist solely of

legal conclusions or that purport to characterize and quote the transcript of the Company's

quarterly earnings calls, which speaks for itself.  Defendants deny that the characterizations and

quotations are complete or accurate.  To the extent that Paragraph 237 incorporates the

allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those

Paragraphs.  Defendants deny the remaining allegations in Paragraph 237.

238.    No response is required to the allegations in Paragraph 238 that purport to

characterize and quote the transcript of a Goldman Sachs Healthcare Conference, which speaks

for itself.  Defendants deny that the characterizations and quotations are complete or accurate.

Defendants deny the remaining allegations in Paragraph 238.

239.    No response is required to the allegations in Paragraph 239 that purport to

characterize and quote the transcript of a Goldman Sachs Healthcare Conference, which speaks

for itself.  Defendants deny that the characterizations and quotations are complete or accurate.

Defendants deny the remaining allegations in Paragraph 239.

240.     No response is required to the allegations in Paragraph 240 that consist solely of legal conclusions or that purport to characterize and quote the transcript of a Goldman Sachs Healthcare Conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent that Paragraph 240 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 240.

241.     No response is required to the allegations in Paragraph 241 that consist solely of legal conclusions or that purport to characterize and quote the transcript of a Goldman Sachs Healthcare Conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent that Paragraph 241 incorporates the allegations contained in Paragraphs 90 through 125, 145 through 146, and 159 through 161, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 241.

242.     No response is required to the allegations in Paragraph 242 that purport to characterize and quote the Company's July 20, 2015 press release, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 242.

243.     No response is required to the allegations in Paragraph 243 that purport to characterize and quote analyst reports, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 regarding the state of mind of analysts.  Defendants deny the remaining allegations in Paragraph 243.

244.     No response is required to the allegations in Paragraph 244 that consist solely of legal conclusions or that purport to characterize and quote the Company's July 20, 2015 press release, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent that Paragraph 244 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 244.

245.     No response is required to the allegations in Paragraph 245 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 245.

246.     No response is required to the allegations in Paragraph 246 that consist solely of legal conclusions or that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent that Paragraph 246 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 246.

247.     No response is required to the allegations in Paragraph 247 that consist solely of legal conclusions or that purport to characterize and quote transcript of the Company's quarterly earnings call, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  To the extent that Paragraph 247 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 247.

248. No response is required to the allegations in Paragraph 248 that purport to characterize and quote the transcript of a Cannacord Genuity Growth Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 248.

249. No response is required to the allegations in Paragraph 249 that consist solely of legal conclusions or that purport to characterize and quote the transcript of a Cannacord Genuity Growth Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. To the extent that Paragraph 249 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs. Defendants deny the remaining allegations in Paragraph 249.

250. No response is required to the allegations in Paragraph 250 that purport to characterize and quote the transcript of a call with the Company's investors, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 250.

251. No response is required to the allegations in Paragraph 251 that purport to characterize and quote the transcript of a call with the Company's investors, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 251.

252. No response is required to the allegations in Paragraph 252 that purport to characterize and quote analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252

regarding the state of mind of analysts. Defendants deny the remaining allegations in Paragraph 252.

253. No response is required to the allegations in Paragraph 253 that purport to characterize and quote the transcript of an investor conference call and October 12, 2015 press release, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 that concern statements allegedly made by unnamed former HeartWare employees. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 253.

254. No response is required to the allegations in Paragraph 254 that purport to characterize and quote the transcript of a Wells Fargo Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 254.

255. No response is required to the allegations in Paragraph 255 that purport to characterize and quote the transcript of a Wells Fargo Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 255.

256. No response is required to the allegations in Paragraph 256 that purport to characterize and quote the transcript of a Wells Fargo Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 256.

257. No response is required to the allegations in Paragraph 257 that purport to characterize and quote the transcript of a Wells Fargo Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 257.

258. No response is required to the allegations in Paragraph 258 that purport to characterize and quote analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 regarding the state of mind of analysts. Defendants deny the remaining allegations in Paragraph 258.

259. No response is required to the allegations in Paragraph 259 that purport to characterize and quote the transcript of a Wells Fargo Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 that concern statements allegedly made by unnamed former HeartWare employees. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. To the extent that Paragraph 259 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs. Defendants deny the remaining allegations in Paragraph 259.

260. No response is required to the allegations in Paragraph 260 that purport to characterize and quote the transcript of a Wells Fargo Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 that concern statements allegedly made by unnamed former HeartWare employees.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.  To the extent that Paragraph 260 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 260.

261.    No response is required to the allegations in Paragraph 261 that purport to characterize and quote the transcript of a Wells Fargo Healthcare Conference and the Company's October 12, 2015 press release, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 that concern statements allegedly made by unnamed former HeartWare employees.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 261.

262.    No response is required to the allegations in Paragraph 262 that purport to characterize and quote the transcript of a Wells Fargo Healthcare Conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 that concern statements allegedly made by unnamed former HeartWare employees.  Defendants lack knowledge or information as to whether the allegations

completely and accurately construe those statements, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 262.

263.    No response is required to the allegations in Paragraph 263 that purport to characterize and quote the Company's October 12, 2015 press release and Form 8-K, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 263.

264.    No response is required to the allegations in Paragraph 264 that purport to characterize and quote the Company's October 12, 2015 press release and Form 8-K, and a November 2013 article in the New England Journal of Medicine, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 264.

265.    No response is required to the allegations in Paragraph 265 that purport to characterize and quote the Company's October 29, 2015 press release, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 265.

266.    No response is required to the allegations in Paragraph 266 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 266.

267.    No response is required to the allegations in Paragraph 267 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 267.

268. No response is required to the allegations in Paragraph 268 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 268.

269. No response is required to the allegations in Paragraph 269 that purport to characterize and quote analyst reports, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 regarding the state of mind of analysts. Defendants deny the remaining allegations in Paragraph 269.

270. No response is required to the allegations in Paragraph 270 that purport to characterize and quote the transcript of the Company's quarterly earnings call, the Company's October 29, 2015 press release, and a November 2013 article in the New England Journal of Medicine, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 270.

271. No response is required to the allegations in Paragraph 271 that purport to characterize and quote the transcript of the Company's quarterly earnings calls and a November 2013 article in the New England Journal of Medicine, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 271.

272. No response is required to the allegations in Paragraph 272 that purport to characterize and quote the transcript of the Company's quarterly earnings call, which speaks for

itself.  Defendants deny that the characterizations and quotations are complete or accurate.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 272 that concern statements allegedly made by unnamed former

HeartWare employees.  Defendants lack knowledge or information as to whether the allegations

completely and accurately construe those statements, and therefore deny those allegations. To the

extent that Paragraph 272 incorporates the allegations contained in Paragraphs 90 through 125,

Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining

allegations in Paragraph 272.

273.    No response is required to the allegations in Paragraph 273 that purport to

characterize and quote the transcript of the Company's investor meeting, which speaks for

itself.  Defendants deny that the characterizations and quotations are complete or

accurate.  Defendants deny the remaining allegations in Paragraph 273.

274.    No response is required to the allegations in Paragraph 274 that purport to

characterize and quote the transcript of a Credit Suisse Healthcare Conference, which speaks for

itself.  Defendants deny that the characterizations and quotations are complete or

accurate.  Defendants deny the remaining allegations in Paragraph 274.

275.    No response is required to the allegations in Paragraph 275 that purport to

characterize and quote transcripts of the Credit Suisse Healthcare Conference and the Company's

International Analyst and Investor Meeting, and a November 2013 article in the New England

Journal of Medicine, which speak for themselves.  Defendants deny that the characterizations

and quotations are complete or accurate.  Defendants deny the remaining allegations in

Paragraph 275.

276. No response is required to the allegations in Paragraph 276 that purport to characterize and quote the transcript of a Credit Suisse Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 276.

277. No response is required to the allegations in Paragraph 277 that purport to characterize and quote the transcript of a Canaccord Genuity Medical Technology & Diagnostics Forum, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 277.

278. No response is required to the allegations in Paragraph 278 that purport to characterize and quote the transcript of a Canaccord Genuity Medical Technology & Diagnostics Forum, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278 that concern statements allegedly made by unnamed former HeartWare employees. Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations. To the extent that Paragraph 278 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs. Defendants deny the remaining allegations in Paragraph 278.

279. No response is required to the allegations in Paragraph 279 that purport to characterize and quote the transcript of a Canaccord Genuity Medical Technology & Diagnostics Forum, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 279.

280.    No response is required to the allegations in Paragraph 280 that purport to characterize and quote the transcript of a Canaccord Genuity Medical Technology & Diagnostics Forum, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280 that concern statements allegedly made by unnamed former HeartWare employees.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.  To the extent that Paragraph 280 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 280.

281.    No response is required to the allegations in Paragraph 281 that purport to characterize and quote the transcript of a Canaccord Genuity Medical Technology & Diagnostics Forum, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in Paragraph 281.

282.    No response is required to the allegations in Paragraph 282 that purport to characterize and quote the transcript of a Canaccord Genuity Medical Technology & Diagnostics Forum, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 that concern statements allegedly made by unnamed former HeartWare employees.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.  To the extent that Paragraph 282 incorporates the allegations contained in

Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs. Defendants deny the remaining allegations in Paragraph 282.

283.   No response is required to the allegations in Paragraph 283 that purport to characterize and quote the transcript of a Piper Jaffray Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 283.

284.   No response is required to the allegations in Paragraph 284 that purport to characterize and quote the transcript of an Oppenheimer Healthcare Conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 284.

285.   No response is required to the allegations in Paragraph 285 that purport to characterize and quote a JPMorgan analyst report, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285 regarding the state of mind of analysts. Defendants deny the remaining allegations in Paragraph 285.

286.   No response is required to the allegations in Paragraph 286 that purport to characterize and quote the transcripts of the Piper Jaffray Healthcare Conference and the Oppenheimer Healthcare Conference, and a November 2013 article in the New England Journal of Medicine, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in Paragraph 286.

287.     No response is required to the allegations in Paragraph 287 that purport to characterize and quote the transcript of a Piper Jaffray Healthcare Conference, which speaks for itself.  Defendants deny that the characterizations and quotations are complete or accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287 that concern statements allegedly made by unnamed former HeartWare employees.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.  To the extent that Paragraph 287 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 287.

288.     Defendants deny the allegations in Paragraph 288. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288 that concern statements allegedly made by unnamed former HeartWare employees.  Defendants lack knowledge or information as to whether the allegations completely and accurately construe those statements, and therefore deny those allegations.  To the extent that Paragraph 288 incorporates the allegations contained in Paragraphs 90 through 125, Defendants refer to their responses to those Paragraphs.  Defendants deny the remaining allegations in Paragraph 288.

289.     Defendants deny the allegations in paragraph 289.

290.     Defendants admit that the closing price of HeartWare's common stock was $81.81 per share on September 1, 2015, and $64.82 per share on September 2, 2015.  Defendants further admit that the trading volume on September 2, 2015 was more than 4.3 million shares, and that the average volume of trading from June 1, 2015 to September 1, 2015 was 268,221 shares traded per day.  No response is required to the allegations in paragraph 290 that purport to

characterize and quote from the transcript of an investor conference call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in paragraph 290.

291. No response is required to the allegations in paragraph 291 that purport to characterize and quote from the transcript of an investor conference call, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in paragraph 291.

292. Defendants admit that the closing price of HeartWare's common stock was $50.07 per share on October 9, and was $35.21 per share on October 13, 2015. Defendants further admit that the trading volume on October 12, 2015 was 1,552,690 shares, and that the volume of trading on October 13, 2015 was 6,115,903 shares. No response is required to the allegations in Paragraph 292 that purport to characterize and quote from the Company's October 12, 2015 press release and Form 8-K, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in paragraph 292.

293. No response is required to the allegations in paragraph 293 that purport to characterize and quote from the Company's SEC filings and press releases, which speak for themselves. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in paragraph 293.

294. No response is required to the allegations in paragraph 294 that purport to characterize and quote from the transcript of an investor conference, which speaks for itself. Defendants deny that the characterizations and quotations are complete or accurate. Defendants deny the remaining allegations in paragraph 294.

295.     Defendants admit that the closing price of HeartWare's common stock was $40.48 per share on January 11, 2016, and $26.50 per share on January 12, 2016.  Defendants further admit that the volume of trading on January 12, 2016 was 7,073,693 shares.  No response is required to the allegations in Paragraph 295 that purport to characterize and quote from the Company's SEC filings and press releases, which speak for themselves.  Defendants deny that the characterizations and quotations are complete or accurate.  Defendants deny the remaining allegations in paragraph 295.

296.     Defendants admit that the closing price of HeartWare's common stock was $81.81 per share on September 1, 2015, and $26.50 per share on January 12, 2016.  Defendants deny the remaining allegations in paragraph 296.

297.     Defendants deny the allegations in paragraph 297.

298.     Defendants admit that, throughout the purported Class Period, the Company's securities were traded on Nasdaq.  Defendants further admit that the Company filed periodic reports with the SEC and Nasdaq and, from time to time, issued press releases.  Defendants further admit that the Company was covered by certain securities analysts.  No response is required to the allegations in Paragraph 298 and each of its subparts (a) through (d) that consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 298 and each of its subparts (a) through (d).

299.     No response is required to the allegations of Paragraph 299, which set forth Plaintiff's characterizations of the action and consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 299.

300. No response is required to the allegations of Paragraph 300, which set forth Plaintiff's characterizations of the action and consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 300.

301. No response is required to the allegations of Paragraph 301, which set forth Plaintiff's characterizations of the action and consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 301.

302. No response is required to the allegations of Paragraph 302, which merely purport to describe or construe the Amended Complaint, which speaks for itself.

303. No response is required to the allegations of Paragraph 303 that consist solely of legal conclusions. Defendants admit that throughout the purported Class Period, HeartWare securities were traded on Nasdaq. Defendants also admit that as of December 31, 2015, HeartWare had approximately 17.5 million shares of common stock outstanding. Defendants deny the remaining allegations in Paragraph 303.

304. No response is required to the allegations of Paragraph 304, which consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 304.

305. No response is required to the allegations of Paragraph 305, which consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 305.

306. No response is required to the allegations of Paragraph 306, which consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 306.

307. No response is required to the allegations of Paragraph 307, which consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 307.

308. Defendants repeat and incorporate by reference each of his prior responses to Paragraphs 1 through 308, as though set forth herein in their entirety.

309. No response is required to the allegations in Paragraph 309, which merely purport to describe or construe the Amended Complaint, which speaks for itself.

310. No response is required to the allegations of Paragraph 310 that consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 310.

311. No response is required to the allegations of Paragraph 311 that consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 311.

312. No response is required to the allegations of Paragraph 312 that consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 312.

313. Defendants deny the allegations in Paragraph 313.

314. Defendants deny the allegations in Paragraph 314.

315. No response is required to the allegations of Paragraph 315 that consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 315.

316.     No response is required to the allegations of Paragraph 316 that consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 316.

317.     No response is required to the allegations of Paragraph 317 that consist solely of legal conclusions. To the extent a response is required, Defendants deny the allegations in Paragraph 317.

318.     Defendants repeats and incorporates by reference each of his prior responses to Paragraphs 1 through 318, as though set forth herein in their entirety.

319.     No response is required to the allegations in Paragraph 319, which merely purport to describe or construe the Amended Complaint, which speaks for itself.

320.     No response is required to the allegations of Paragraph 320 that consist solely of legal conclusions.  To the extent a response is required, Defendants the allegations in Paragraph 320.

321.     No response is required to the allegations of Paragraph 321 that consist solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 321.

322.     No response is required to the allegations of Paragraph 322 that consist solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 322.

323.     No response is required to the allegations of Paragraph 323 that consist solely of legal conclusions.  To the extent a response is required, Defendants deny the allegations in Paragraph 323.

To the extent any response is required to Plaintiff's prayer for relief, Defendants deny each and every allegation contained therein and deny that Plaintiff is entitled to the requested relief.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendants demand a jury trial of all issues triable by jury under applicable law.

## AFFIRMATIVE DEFENSES

Defendants do not waive any affirmative defenses and reserve the right to assert any and all affirmative defenses that may be available after reasonable discovery.

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to plead its claims with requisite particularity pursuant to Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because every act or omission alleged in the Complaint was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission, and therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because certain alleged misstatements were forward-looking statements, were identified as such and were accompanied by meaningful

cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements. Accordingly, such alleged misstatements are non-actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5(c)(1)(A), and under the bespeaks caution doctrine.

Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because certain alleged misstatements are not actionable under the Private Securities Litigation Report Act of 1995, 15 U.S.C. § 78u-5(c)(1)(B), because the statements were forward-looking and the person making the statement did not have actual knowledge that the statements were materially false or misleading or the statements were made or approved by an executive officer of HeartWare who did not have actual knowledge that the statements were materially false or misleading.

Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that they seek to impose disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws, including but not limited to the Securities Act of 1933, the Securities and Exchange Act of 1934, and the rules and regulations promulgated by the Securities and Exchange Commission.

Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the alleged misrepresentations and omissions did not affect the market price of HeartWare's common stock.

Eighth Affirmative Defense

Plaintiff has not basis for recovery of costs and expenses, including attorneys' fees and expert fees, incurred in this action.

<u>Additional Defenses, Counterclaims, Cross-Claims, and Third-Party Claims</u>

Defendants reserve the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted that may become apparent through discovery or other investigation.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint and Plaintiff's claims, enter judgment in favor of Defendants and against Plaintiff, award Defendants the reasonable attorneys' fees, costs, and expenses they have incurred in the defense of this action, and grant Defendants any additional relief that is fair and appropriate.

Dated:  May 16, 2018

        **HEARTWARE INTERNATIONAL, INC. AND DOUGLAS E. GODSHALL,**

        By their attorneys,

        /s/ Michael G. Bongiorno
        Michael G. Bongiorno
        Fraser L. Hunter
        Jeremy T. Adler
        **WILMER CUTLER PICKERING HALE AND DORR LLP**
        7 World Trade Center
        250 Greenwich Street
        New York, New York 10007
        Telephone: (212) 230-8800
        michael.bongiorno@wilmerhale.com
        fraser.hunter@wilmerhale.com
        jeremy.adler@wilmerhale.com