USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE HEARTWARE INTERNATIONAL,
INC. SECURITIES LITIGATION

No. 1:16-cv-00520-RA

---

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND AUTHORIZING DISSEMINATION OF SETTLEMENT NOTICE

WHEREAS, a class action is pending in this Court entitled *In re HeartWare International, Inc. Securities Litigation*, Master File No. 1:16-cv-00520 (the "Action");

WHEREAS, (a) Lead Plaintiff St. Paul Teachers' Retirement Fund, on behalf of itself and the Class (defined below), and (b) defendants HeartWare International, Inc. ("HeartWare" or the "Company") and Douglas E. Godshall (collectively, "Defendants," and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated November 13, 2018 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and approval to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on April 12, 2019 at 11:45 a.m. in Courtroom 1506 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.     The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Analytics Consulting, LLC (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within ten (10) business days of the date of entry of this Order, HeartWare shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list (consisting of names and addresses) of the holders of HeartWare common stock during the Class Period to the extent reasonably available to HeartWare;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Class Members at the addresses set forth in the records provided by HeartWare or in the records which HeartWare caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a

website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

6. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired HeartWare common stock during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay

the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

8. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims

against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10. **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *In re HeartWare International, Inc. Securities Litigation*, EXCLUSIONS, c/o Analytics Consulting, P.O. Box 2003, Chanhassen, MN 55317-2003, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re HeartWare International, Inc. Securities Litigation*, Master File No. 1:16-cv-00520"; (iii) state the number of HeartWare common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on June 10, 2014 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

11. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class

Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

12.     Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

13.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 14 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

14.     Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed

Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP John Rizio-Hamilton, Esq. 1251 Avenue of the Americas, 44th Floor New York, NY  10020 | Wilmer Cutler Pickering Hale and Dorr LLP Michael G. Bongiorno 7 World Trade Center 250 Greenwich Street New York, NY 10007 |

15.     Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of HeartWare common stock that the objecting Class Member (A) owned as of the opening of trading on June 10, 2014 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing

the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16.    Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

18.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

19.    **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of October 3, 2018, as provided in the Stipulation.

22.    **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or

construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an

award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2018.

_____
The Honorable Ronnie Abrams
United States District Judge

#1239860

# Exhibit 1

**Exhibit 1**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HEARTWARE INTERNATIONAL, INC. SECURITIES LITIGATION | No. 1:16-cv-00520-RA |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if, during the period from June 10, 2014 through January 11, 2016, inclusive (the "Class Period"), you purchased or otherwise acquired the common stock of HeartWare International, Inc. (NASDAQ ticker symbol HTWR), and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, St. Paul Teachers' Retirement Fund ("Lead Plaintiff"), on behalf of itself and the Class (as defined in ¶ 24 below), has reached a proposed settlement of the Action for $54,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact HeartWare or its counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 87 below).**

1.    **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants HeartWare International, Inc. ("HeartWare" or the "Company") and its former Chief Executive Officer Douglas E. Godshall (collectively, "Defendants") violated the federal

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated November 13, 2018 (the "Stipulation"), which is available at www.HeartWareSecuritiesLitigation.com.

securities laws by making false and misleading statements regarding HeartWare's business. A more detailed description of the Action is set forth in paragraphs 11-23 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in paragraph 24 below.

2. **Statement of the Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle the Action in exchange for a settlement payment of $54,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court, and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiff's damages expert's estimates of the number of shares of HeartWare common stock purchased or acquired during the Class Period that may have been affected by the conduct at issue in the Action and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $3.28 per affected share. Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their HeartWare stock, and the total number and value of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:**  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, which has been prosecuting the Action on a wholly contingent basis since its inception in 2016, has not received any payment of attorneys' fees for their representation of the Class and has advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 24% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the Action, in an amount not to exceed $400,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class. Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.81 per affected share.

2

6.   **Identification of Attorneys' Representative:**   Lead Plaintiff and the Class are represented by John Rizio-Hamilton, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, (800) 380-8496, settlements@blbglaw.com.

7.   **Reasons for the Settlement:**   Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation.   Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.   This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2019.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 34 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 35 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON _____, 2019 AT ___:___ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | Filing a written objection and notice of intention to appear by _____, 2019 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, |

| | speak to the Court about your objection. |
|---|---|
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ....... Page __
What Is This Case About? ....... Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Class? ....... Page __
What Are Lead Plaintiff's Reasons For The Settlement? ....... Page __
What Might Happen If There Were No Settlement? ....... Page __
How Are Class Members Affected By The Action
   And The Settlement? ....... Page __
How Do I Participate In The Settlement?  What Do I Need To Do? ....... Page __
How Much Will My Payment Be? ....... Page __
What Payment Are The Attorneys For The Class Seeking?
  How Will The Lawyers Be Paid? ....... Page __
What If I Do Not Want To Be A Member Of The Class?
  How Do I Exclude Myself? ....... Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement? ....... Page __
What If I Bought Shares On Someone Else's Behalf? ....... Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions? ....... Page __

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired HeartWare common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do

4

so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 78 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.   HeartWare is a medical device company that manufactures heart pumps known as ventricular assist devices, that are implanted in patients suffering from heart failure.  During the Class Period – from June 10, 2014 through January 11, 2016 – HeartWare was a publicly traded company with its common stock traded on the NASDAQ under the ticker symbol HTWR.[2]

12.   In this Action, Lead Plaintiff alleges that HeartWare and its then-CEO, Douglas E. Godshall made a series of alleged misstatements and omissions about the safety and commercial viability of HeartWare's new product, a heart pump called the "MVAD."  Specifically, Lead Plaintiff alleges that Defendants misrepresented HeartWare's progress in remedying deficiencies in its processes for manufacturing and testing the MVAD that had been identified in a warning letter from the U.S. Food and Drug Administration ("FDA") and made misstatements and omissions about the safety and commercial prospects of the MVAD.  Lead Plaintiffs allege that the truth emerged through a series of disclosures in the fall of 2015 and January 2016, including the announcements that serious adverse events had been observed in a pivotal clinical trial of the MVAD, which led to the indefinite suspension of clinical trials for that product.

13.   On January 22, 2016, Lead Plaintiff filed a class action complaint in the United States District Court for the Southern District of New York (the "Court"), styled *St. Paul Teachers' Retirement Fund Association v. HeartWare International, Inc. et al.*, Case No. 1:16-cv-00520.

14.   By Order dated April 11, 2016, the Court ordered that the case be recaptioned as *In re HeartWare International, Inc. Securities Litigation,* Master File No. 1:16-cv-00520 (the "Action") and that any subsequently filed, removed, or transferred actions related to the claims asserted in the Action be consolidated for all purposes; appointed St. Paul Teachers' Retirement Fund Association as Lead Plaintiff for the Action; and approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.

15.   On June 29, 2016, Lead Plaintiff filed and served its Amended Class Action Complaint (the "Complaint") asserting claims against both Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendant Godshall under Section 20(a) of the Exchange Act.  The Complaint alleges

---

[2] In August 2016, after the end of the relevant time period for this case, HeartWare was acquired by another medical device company (Medtronic plc) and became a wholly owned subsidiary of that company. HeartWare's stock is no longer publicly traded.

that, during the Class Period, Defendants made materially false and misleading statements about; (i) the safety and commercial viability of the MVAD, and (ii) the progress of HeartWare's remediation of deficiencies identified in the FDA's warning letter. The Complaint further alleges that the price of HeartWare common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

16.   On August 30, 2016, Defendants filed and served a motion to dismiss the Complaint. On October 28, 2016, Lead Plaintiff served its memorandum of law in opposition to this motion and, on December 9, 2016, Defendants served their reply papers.

17.   On December 12, 2016, the Action was reassigned to the Honorable Ronnie Abrams for all further proceedings.

18.   The Court held oral argument on Defendants' motion to dismiss on March 16, 2018. Following the argument, the Court issued its decision from the bench denying Defendants' motion to dismiss the Complaint. That same day, the Court entered an Order reflecting that decision. On May 16, 2018, Defendants filed and served their Answer to the Complaint.

19.   Discovery in the Action commenced in April 2018. Lead Plaintiff prepared and served initial disclosures, requests for production of documents, and interrogatories on Defendants, exchanged numerous letters with Defendants concerning discovery issues, and served 27 document subpoenas on third parties, including the FDA. As part of its extensive efforts to conduct third-party discovery, Lead Plaintiff successfully applied for letters rogatory to obtain evidence from the United Kingdom clinical research organization that HeartWare had hired to assist with aspects of the clinical trial of MVAD. Defendants and third parties produced a total of approximately 450,000 pages of documents to Lead Plaintiff, and Lead Plaintiff produced over 7,500 pages of documents to Defendants in response to their requests.

20.   On June 22, 2018, Lead Plaintiff filed its motion for class certification, which was accompanied by a report from Lead Plaintiff's expert on market efficiency and common damages methodologies. On August 17, 2018, Defendants filed a Notice of Non-Opposition to the class certification motion and, on August 27, 2018, the Court granted the motion, certifying the proposed Class, appointing Lead Plaintiff as Class Representative and appointing Bernstein Litowitz Berger & Grossmann LLP as Class Counsel.

21.   While discovery continued, the Parties discussed the possibility of resolving the litigation through settlement and agreed to mediation before Jed D. Melnick, Esq. of JAMS. An in-person mediation session with Mr. Melnick was scheduled for September 12, 2018. In advance of the mediation, the Parties exchanged detailed mediation statements addressing liability and damages issues with numerous exhibits. At the September 12 mediation session, the Parties engaged in vigorous settlement negotiations with the assistance of Mr. Melnick but were not able to reach an agreement. The Parties continued their negotiations and scheduled a second mediation with Mr. Melnick for October 3, 2018. Following that session, the Parties agreed to settle the Action in return for a cash payment by or on behalf of Defendants of $54,500,000 for the benefit of the Class.

22.   On November 13, 2018, the Parties entered into the Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement. The Stipulation can be viewed at www.HeartWareSecuritiesLitigation.com.

23.  On _____, 2018, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

24.  If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded.  The Class means the class certified in the Court's August 27, 2018 Order.  Specifically, the Class includes:

> all persons and entities who purchased or otherwise acquired the common stock of HeartWare from June 10, 2014 through January 11, 2016, inclusive (the "Class Period"), and who were damaged thereby.

Excluded from the Class by definition are:  Defendants; any parents, subsidiaries, affiliates, or acquirors of HeartWare; the Officers[3] and directors of HeartWare during the Class Period; Immediate Family Members[4] of Mr. Godshall and those Officers and directors; any entity in which any of the foregoing has or had a controlling interest; and the legal representatives, heirs, successors, or assigns of any such excluded person.  Also excluded from the Class are any persons and entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2019.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

25.  Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  First, Lead Plaintiff would have faced substantial challenges in proving that Defendants' statements about HeartWare's

---

[3] "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

[4] "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

remediation of deficiencies identified in the FDA warning letter and the safety and commercial viability of the MVAD were materially false and misleading when made. For example, Defendants contended that all of the sufficient definite and verifiable statements they made about the progress of the remediation efforts were accurate and that any other alleged misstatements were unactionable statements of corporate optimism or puffery. Defendants would also argue that their statements during the Class Period that the adverse events observed in the MVAD clinical trial were "typical" of adverse events observed in trials of other ventricular assist devices were not false or misleading because the adverse events in question – "thrombotic events" related to the formation of obstructive blood clots in the device – were typical in trials of such devices. Second, Lead Plaintiff would also have faced challenges in proving that Defendants made the alleged false statements with the intent to mislead investors or were reckless in making the statements. For example, Defendants would contend that Lead Plaintiff could not show any motive for Defendants to mislead the public, pointing to Defendants Godshall's lack of sales of HeartWare common stock during the Class Period.

26.   Lead Plaintiff would also have faced significant hurdles in establishing "loss causation" – that the alleged misstatements were the cause of investors' losses – and in proving damages. Defendants would argue that declines in HeartWare's stock price identified by Lead Plaintiff were not caused by the alleged misstatements because the disclosures that caused these price declines did not directly reveal that the alleged misstatements were false. For example, Defendants would contend that the disclosure of the Company's proposed acquisition of a private company called Valtech Cardio Ltd. ("Valtech") on September 1, 2015 did not correct any alleged misstatements about the Company's remediation efforts or the MVAD's prospects, and that the decline in the stock price following the announcement of the Valtech transaction was, instead, related to the dilutive nature of the proposed acquisition. Similarly, Defendants contended that the disclosures of adverse events in the MVAD clinical did not specifically relate to or correct any of the alleged misstatements regarding HeartWare's remediation efforts or MVAD's safety profile. In short, Defendants would argue that the negative outcome of the MVAD clinical trial did not represent the materialization of a risk obscured by any of Defendants alleged misstatements, but, instead, was the materialization of a risk that was fully disclosed and understood by investors – *i.e.,* that medical devices that are still being tested in clinical trials may sometimes demonstrate adverse events that prevent them from reaching the market. Moreover, on all these issues, Lead Plaintiff would have to prevail at several stages – on a motion for summary judgment and at trial, and if it prevailed on those, on the appeals that would likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

27.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $54,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

28.   Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed

to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.   If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

30.   As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31.   If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?," below.

32.   If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33.   If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 34 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 35 below); shall be deemed to have agreed to a covenant not to sue the Defendants' Releasees with respect to all such Released Plaintiffs' Claims; and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  The Court (and in particular Judge Abrams, if available) shall retain full, complete, and exclusive authority to

9

interpret and enforce that permanent injunction, and Class Members expressly waive all rights to seek any adjudication concerning the injunction in any forum other than the Court.

34. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether direct or representative, whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Class: (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or acquisition of HeartWare common stock during the Class Period.   For the avoidance of doubt, Released Plaintiffs' Claims do not include:  (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

35. "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such.

36. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

37. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 38 below) against Lead Plaintiff and the other Plaintiffs' Releasees (as defined in ¶ 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

38. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

39. "Plaintiffs' Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and all other Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

40. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than** _____, **2019**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.HeartWareSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-710-9044. Please retain all records of your ownership of and transactions in HeartWare common stock, as they may be needed to document your Claim. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

41. At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

42. Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid fifty-four million five hundred thousand dollars ($54,500,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

43.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

44.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.   Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

45.   Approval of the Settlement is independent from approval of a plan of allocation.   Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

46.   Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2019 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.   This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 34 above) against the Defendants' Releasees (as defined in ¶ 35 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

47.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in HeartWare common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.   They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.   Claims based on any ERISA Plan's purchases or acquisitions of HeartWare common stock during the Class Period may be made by the plan's trustees.   To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

48.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

49.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

50.   Only Class Members, *i.e.*, persons and entities who purchased or otherwise acquired HeartWare common stock during the Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.   The only security that is included in the Settlement is HeartWare common stock.

## PROPOSED PLAN OF ALLOCATION

51.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged violations of the

federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

52.  In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of artificial inflation in the per-share closing price of HeartWare common stock that allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.

53.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in HeartWare common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes on those days that were attributable to market or industry forces.[5]  The estimated artificial inflation in HeartWare common stock is stated in Table A at the end of this Notice.

54.  In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of HeartWare common stock.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the period from June 10, 2014 through January 11, 2016, inclusive, which had the effect of artificially inflating the price of the stock.  Lead Plaintiff further alleges that corrective information was released to the market on:  September 1, 2015 (after the close of trading), October 12, 2015 (before the opening of trading), October 13, 2015 (before the opening of trading), and January 11, 2016 (after the close of trading), which partially removed the artificial inflation from the price of HeartWare common stock on:  September 2, 2015, October 12, 2015, October 13, 2015, and January 12, 2016.

55.  Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of HeartWare common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired HeartWare common stock prior to the first corrective disclosure, which occurred after the close of trading on September 1, 2015, must have held his, her, or its shares of HeartWare common stock through at least the end of day on September 1, 2015.  A Class Member who purchased or otherwise acquired HeartWare common stock from September 2, 2015 through the close of trading on January 11, 2016, must have held those shares through at least one of the later dates where new corrective information

---

[5] With respect to the amount of artificial inflation removed from the price of the common stock on September 2, 2015, as a result of disclosures made after the close of market on September 1, 2015, which concerned the announcement of HeartWare's intent to acquire Valtech, Lead Plaintiffs' damages expert considered the change in price of HeartWare's common stock on September 2, 2015 (adjusted for market and industry forces) and then reduced that amount by the increase in HeartWare's stock price that occurred on January 28, 2016, after HeartWare announced its intention to abandon the Valtech acquisition (also adjusted for market and industry forces).

was released to the market and partially removed the artificial inflation from the price of the stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

56.   Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of HeartWare common stock that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, the Recognized Loss Amount for that transaction will be zero.

57.   For each share of HeartWare common stock purchased or otherwise acquired during the Class Period (*i.e.*, from June 10, 2014 through and including the close of trading on January 11, 2016), and:

(a)   Sold before the opening of trading on September 2, 2015, the Recognized Loss Amount will be $0.00;

(b)   Sold from the opening of trading on September 2, 2015 through the close of trading on January 11, 2016, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A (found at the end of this Notice) *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price *minus* the sale price.

(c)   Sold from January 12, 2016 through the close of trading on April 8, 2016, the Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price *minus* the average closing price between January 12, 2016 and the date of sale as stated in Table B (found at the end of this Notice); or (iii) the purchase/acquisition price *minus* the sale price.

(d)   Held as of the close of trading on April 8, 2016, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price minus $32.58.[6]

## ADDITIONAL PROVISIONS

58.   The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 67 below) is $10.00 or greater.

---

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of HeartWare common stock during the "90-day look-back period," from January 12, 2016 through April 8, 2016.  The mean (average) closing price for HeartWare common stock during this 90-day look-back period was $32.58.

59. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all shares of HeartWare common stock purchased or otherwise acquired during the Class Period.

60. **FIFO Matching:** If a Class Member made more than one purchase/acquisition or sale of HeartWare common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

61. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of HeartWare common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of HeartWare common stock during the Class Period shall not be deemed a purchase, acquisition or sale of HeartWare common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of the stock unless (i) the donor or decedent purchased or otherwise acquired the stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

62. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the HeartWare common stock. The date of a "short sale" is deemed to be the date of sale of the HeartWare common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

63. In the event that a Claimant has an opening short position in HeartWare common stock, the earliest purchases or acquisitions of HeartWare common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

64. **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to HeartWare common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

65. **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in HeartWare common stock during the Class Period. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[7] and (ii) the sum of the Claimant's Total Sales Proceeds[8] and the Claimant's Holding

---

[7] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all shares of HeartWare common stock purchased or acquired during the Class Period.

[8] The Claims Administrator shall match any sales of HeartWare common stock during the Class Period first against the Claimant's opening position in HeartWare common stock (the proceeds of those sales

Value.[9]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

66.     If a Claimant had a Market Gain with respect to his, her, or its overall transactions in HeartWare common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will not be eligible to receive a payment in the Settlement but will, nonetheless, be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in HeartWare common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

67.     **Determination of Distribution Amount:**  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

68.     If an Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

69.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

---

will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of HeartWare common stock sold during the Class Period is the "Total Sales Proceeds."

[9]  The Claims Administrator shall ascribe a "Holding Value" of $26.50 per share to HeartWare common stock purchased or acquired during the Class Period that was still held as of the close of trading on January 11, 2016.  This Holding Value is based on the closing price of HeartWare common stock on January 12, 2016.

70.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

71.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.HeartWareSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

72.   Lead Counsel has not received any payment for its services in pursuing claims against the Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 24% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $400,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

73.   Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to *In re HeartWare International, Inc. Securities Litigation*, EXCLUSIONS, c/o Analytics Consulting, P.O. Box 2003, Chanhassen, MN 55317-2003.  The exclusion request must be *received* **no later than** _____, **2019**. You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Class in *In re HeartWare International, Inc. Securities Litigation*, Master File No. 1:16-cv-00520"; (c) state the number of HeartWare common stock that the person or entity requesting exclusion (i)

17

owned as of the opening of trading on June 10, 2014 and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, from June 10, 2014 through January 11, 2016, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

74. If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

75. If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

76. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

77. **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

78. The Settlement Hearing will be held on _____, 2019 at __:__ _.m., before the Honorable Ronnie Abrams at the United States District Court for the Southern District of New York, Courtroom 1506 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

79. Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2019. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before** _____, **2019**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>   U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007 | **Bernstein Litowitz Berger &<br>Grossmann LLP**<br>John Rizio-Hamilton, Esq.<br>1251 Avenue of the Americas,<br>   44th Floor<br>New York, NY  10020 | **Wilmer Cutler Pickering<br>Hale and Dorr LLP**<br>Michael G. Bongiorno, Esq.<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007 |

80.   Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including documents showing the number of shares of HeartWare common stock that the objecting Class Member (i) owned as of the opening of trading on June 10, 2014 and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, from June 10, 2014 through January 11, 2016, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

81.   You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

82.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____ **, 2019**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

83.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 79 above so that the notice is *received* **on or before** _____ **, 2019**.

84.   The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

85.   **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

86.   If you purchased or otherwise acquired any shares of HeartWare common stock from June 10, 2014 through January 11, 2016, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re HeartWare International, Inc. Securities Litigation*, c/o Analytics Consulting, P.O. Box 2003, Chanhassen, MN 55317-2003.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.HeartWareSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-866-710-9044.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

87.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.HeartWareSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *In re HeartWare International, Inc.*<br>*Securities Litigation*<br>c/o Analytics Consulting<br>P.O. Box 2003<br>Chanhassen, MN 55317-2003<br>1-866-710-9044<br>www.HeartWareSecuritiesLitigation.com | and/or | John Rizio-Hamilton, Esq.<br>BERNSTEIN LITOWITZ BERGER<br>& GROSSMANN LLP<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020<br>(800) 380-8496<br>settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE
CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL
REGARDING THIS NOTICE.**

Dated: _____, 2018

By Order of the Court
United States District Court
Southern District of New York

#1243438

## TABLE A

**Estimated Artificial Inflation with Respect to Purchases/Acquisitions and Sales of
HeartWare Common Stock from June 10, 2014 through January 11, 2016**

| Date Range | Artificial Inflation Per Share |
|---|---|
| June 10, 2014 - September 1, 2015 | $42.53 |
| September 2, 2015 – October 11, 2015 | $29.28 |
| October 12, 2015 | $22.89 |
| October 13, 2015 - January 11, 2016 | $14.92 |

TABLE B

**Closing Price and Average Closing Price for**
**HeartWare Common Stock from January 12, 2016 through April 8, 2016**

| Date | Closing Price | Average Closing Price Between January 12, 2016 and Date Shown | Date | Closing Price | Average Closing Price Between January 12, 2016 and Date Shown |
|---|---|---|---|---|---|
| 1/12/2016 | $26.50 | $26.50 | 2/26/2016 | $32.35 | $34.11 |
| 1/13/2016 | $26.46 | $26.48 | 2/29/2016 | $31.96 | $34.05 |
| 1/14/2016 | $29.07 | $27.34 | 3/1/2016 | $33.38 | $34.03 |
| 1/15/2016 | $30.46 | $28.12 | 3/2/2016 | $33.50 | $34.01 |
| 1/19/2016 | $29.63 | $28.42 | 3/3/2016 | $29.98 | $33.90 |
| 1/20/2016 | $31.18 | $28.88 | 3/4/2016 | $30.85 | $33.82 |
| 1/21/2016 | $32.64 | $29.42 | 3/7/2016 | $31.23 | $33.75 |
| 1/22/2016 | $34.50 | $30.06 | 3/8/2016 | $29.72 | $33.65 |
| 1/25/2016 | $34.48 | $30.55 | 3/9/2016 | $30.15 | $33.56 |
| 1/26/2016 | $35.44 | $31.04 | 3/10/2016 | $29.75 | $33.47 |
| 1/27/2016 | $34.50 | $31.35 | 3/11/2016 | $31.10 | $33.41 |
| 1/28/2016 | $37.90 | $31.90 | 3/14/2016 | $31.06 | $33.36 |
| 1/29/2016 | $40.14 | $32.53 | 3/15/2016 | $29.09 | $33.26 |
| 2/1/2016 | $40.38 | $33.09 | 3/16/2016 | $28.80 | $33.16 |
| 2/2/2016 | $39.96 | $33.55 | 3/17/2016 | $30.24 | $33.10 |
| 2/3/2016 | $40.23 | $33.97 | 3/18/2016 | $30.37 | $33.04 |
| 2/4/2016 | $40.89 | $34.37 | 3/21/2016 | $30.25 | $32.98 |
| 2/5/2016 | $39.12 | $34.64 | 3/22/2016 | $31.08 | $32.94 |
| 2/8/2016 | $34.29 | $34.62 | 3/23/2016 | $30.42 | $32.89 |
| 2/9/2016 | $33.78 | $34.58 | 3/24/2016 | $30.28 | $32.84 |
| 2/10/2016 | $34.31 | $34.56 | 3/28/2016 | $29.61 | $32.78 |
| 2/11/2016 | $34.10 | $34.54 | 3/29/2016 | $30.84 | $32.74 |
| 2/12/2016 | $33.19 | $34.48 | 3/30/2016 | $31.40 | $32.72 |
| 2/16/2016 | $34.32 | $34.48 | 3/31/2016 | $31.42 | $32.69 |
| 2/17/2016 | $34.39 | $34.47 | 4/1/2016 | $31.51 | $32.67 |
| 2/18/2016 | $33.82 | $34.45 | 4/4/2016 | $32.62 | $32.67 |
| 2/19/2016 | $33.49 | $34.41 | 4/5/2016 | $31.20 | $32.65 |
| 2/22/2016 | $34.25 | $34.41 | 4/6/2016 | $31.49 | $32.63 |
| 2/23/2016 | $33.28 | $34.37 | 4/7/2016 | $31.54 | $32.61 |
| 2/24/2016 | $32.43 | $34.30 | 4/8/2016 | $31.11 | $32.58 |
| 2/25/2016 | $30.13 | $34.17 | | | |

22

# Exhibit 2

**Exhibit 2**

*In re HeartWare International, Inc. Securities Litigation*
**c/o Analytics Consulting**
**P.O. Box 2003**
**Chanhassen, MN 55317-2003**


**Toll-Free Number:  1-866-710-9044**
**Email:  info@HeartWareSecuritiesLitigation.com**
**Website:  www.HeartWareSecuritiesLitigation.com**


# PROOF OF CLAIM AND RELEASE FORM


To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, *postmarked* **no later than [_____], 2019.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
| --- | --- |
| **PART I – CLAIMANT INFORMATION** | — |
| **PART II – GENERAL INSTRUCTIONS** | — |
| **PART III – SCHEDULE OF TRANSACTIONS IN HEARTWARE COMMON STOCK** (NASDAQ: HTWR, CUSIP: 422368100) | — |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | — |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                        Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                        Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                        State/Province    Zip Code

Foreign Postal Code (if applicable)              Foreign Country (if applicable)

Telephone Number (Day)                            Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:
☐ Individual(s)        ☐ Corporation      ☐ UGMA Custodian      ☐ IRA

☐ Partnership          ☐ Estate           ☐ Trust               ☐ Other (describe: _____)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A CLASS MEMBER (see the definition of the Class on page __ of the Notice, which sets forth who is included in and who is excluded from the Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of, HeartWare common stock.  On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of HeartWare common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**:  Only HeartWare common stock purchased during the Class Period (*i.e.*, from June 10, 2014 through January 11, 2016, inclusive) is eligible under the Settlement.  However, sales of HeartWare common stock during the period from January 12, 2016 through April 8, 2016, inclusive, will be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase/acquisition information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of HeartWare common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in HeartWare common stock.   IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS

**OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.   FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.     Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of HeartWare common stock. The complete name(s) of the beneficial owner(s) must be entered. If you held the eligible HeartWare common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of eligible HeartWare common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8.     **One Claim should be submitted for each separate legal entity.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

9.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the HeartWare common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.    By submitting a signed Claim Form, you will be swearing that you:

(a)     owned the HeartWare common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

11.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are

resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.     **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Analytics Consulting, at the above address, by email at info@HeartWareSecuritiesLitigation.com, or by toll-free phone at 1-866-710-9044, or you can visit the website, www.HeartWareSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.     NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.   To obtain the *mandatory* electronic filing requirements and file layout, you may visit the settlement website at www.HeartWareSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@HeartWareSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* ¶ 8 above) and the *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@HeartWareSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT [_____].**

## PART III – SCHEDULE OF TRANSACTIONS IN HEARTWARE COMMON STOCK

The only eligible security is HeartWare International, Inc. common stock (**Ticker: NASDAQ: HTWR, CUSIP: 422368100**).  Do not include information regarding securities other than HeartWare common stock.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6, above.

**1. HOLDINGS AS OF JUNE 10, 2015** – State the total number of shares of HeartWare common stock held as of the opening of trading on June 10, 2015.  (Must be documented.)  If none, write "zero" or "0." _____

Confirm Proof of Position Enclosed ○

**2. PURCHASES/ACQUISITIONS FROM JUNE 10, 2015 THROUGH JANUARY 11, 2016** – Separately list each and every purchase or acquisition (including free receipts) of HeartWare common stock from after the opening of trading on June 10, 2015 through the close of trading on January 11, 2016.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM JANUARY 12, 2016 THROUGH APRIL 8, 2016** – State the total number of shares of HeartWare common stock purchased or acquired (including free receipts) from January 12, 2016 through the close of trading on April 8, 2016.  If none, write "zero" or "0."[1] _____

**4. SALES FROM JUNE 10, 2015 THROUGH APRIL 8, 2016** – Separately list each and every sale or disposition (including free deliveries) of HeartWare common stock from after the opening of trading on June 10, 2015 through the close of trading on April 8, 2016.  (Must be documented.)

IF NONE, CHECK HERE ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

---

[1] **Please note**:  Information requested with respect to your purchases and acquisitions of HeartWare common stock from January 12, 2016 through and including April 8, 2016 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| / / | | $ | $ | ○ |
|-----|---|---|---|---|
| **5. HOLDINGS AS OF APRIL 8, 2016** – State the total number of shares of HeartWare common stock held as of the close of trading on April 8, 2016. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __**
**OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment **(1)** shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Defendants' Releasees; **(2)** shall be deemed to have agreed to a covenant not to sue the Defendants' Releasees with respect to all such Released Plaintiffs' Claims; and **(3)** shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. The United States District Court for the Southern District of New York (the "Court") (and in particular Judge Ronnie Abrams, if available) shall retain full, complete, and exclusive authority to interpret and enforce the permanent injunction set forth in the previous sentence, and I (we) expressly waive all rights to seek any adjudication concerning the permanent injunction in any forum other than the Court.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3. that the claimant(s) did *not* submit a request for exclusion from the Class;

4. that I (we) owned the HeartWare common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Persons to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases of HeartWare common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any

judgment(s) that may be entered in the Action; and

      10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

---

Signature of claimant                                                   Date

---

Print claimant name here

---

Signature of joint claimant, if any                                Date

---

Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

---

Signature of person signing on behalf of claimant                    Date

---

Print name of person signing on behalf of claimant here

---

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see ¶ 9 on page ___ of this Claim Form.)

## **REMINDER CHECKLIST**

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-866-710-9044.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@HeartWareSecuritiesLitigation.com, or by toll-free phone at 1-866-710-9044, or you may visit www.HeartWareSecuritiesLitigation.com.  DO NOT call HeartWare or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, *POSTMARKED* NO LATER THAN [_____], 2019, ADDRESSED AS FOLLOWS:

*In re HeartWare International, Inc. Securities Litigation*
c/o Analytics Consulting
P.O. Box 2003
Chanhassen, MN 55317-2003

1-866-710-9044
www.HeartWareSecuritiesLitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before [_____], 2019 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit 3

**Exhibit 3**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HEARTWARE INTERNATIONAL, INC. SECURITIES LITIGATION | No. 1:16-cv-00520-RA |

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:   All persons and entities who purchased or otherwise acquired the common stock of HeartWare International, Inc. ("HeartWare") from June 10, 2014 through January 11, 2016, inclusive (the "Class Period"), and who were damaged thereby (the "Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Class, except for certain persons and entities who are excluded from the Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $54,500,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2019 at __:__ _.m., before the Honorable Ronnie Abrams at the United States District Court for the Southern District of New York, Courtroom 1506 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated November 13, 2018 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re HeartWare International, Inc. Securities Litigation*, c/o Analytics Consulting, P.O. Box 2003, Chanhassen, MN 55317-2003. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.HeartWareSecurtiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2019. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than _____, 2019, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2019, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, HeartWare, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
John Rizio-Hamilton, Esq.
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
(800) 380-8496
settlements@blbglaw.com

Requests for the Notice and Claim Form should be made to:

*In re HeartWare International, Inc. Securities Litigation*
c/o Analytics Consulting
P.O. Box 2003
Chanhassen, MN 55317-2003
1-866-710-9044
www.HeartWareSecuritiesLitigation.com

By Order of the Court