UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HEARTWARE INTERNATIONAL, INC. SECURITIES LITIGATION | No. 1:16-cv-00520-RA |

## [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiff moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Memorandum in Support of Lead Plaintiff's Renewed Motion for Approval of Distribution Plan and the Declaration of Richard Simmons in Support of Lead Plaintiff's Renewed Motion for Approval of Distribution Plan (the "Simmons Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated November 13, 2018 (ECF No. 69-1) (the "Stipulation"), and the Simmons Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulation or in the Simmons Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

    (a) The administrative recommendations of the Court-approved Claims Administrator, Analytics Consulting, LLC ("Analytics"), to accept the Timely Eligible

Claims stated in Exhibit C to the Simmons Declaration and the Late But Otherwise Eligible Claims stated in Exhibit D to the Simmons Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject ineligible Claims, as stated in Exhibit E to the Simmons Declaration, including the Disputed Claims discussed in paragraphs 31 to 41 of the Simmons Declaration, as stated in Exhibit B, are adopted;

(c) Analytics is directed to conduct an initial distribution of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by this Order, and after deducting the payment of any taxes or estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a 5% reserve from the Net Settlement Fund to address any tax liability and claims administration-related contingencies that may arise, as stated in paragraph 50(a) of the Simmons Declaration (the "Initial Distribution"). Specifically, as stated in paragraph 50(a) of the Simmons Declaration: (1) Analytics will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now. In accordance with the Court-approved Plan of Allocation, Analytics will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund as stated in subparagraph 50(a)(1); (2) Analytics will, in accordance with the terms of the Court-approved Plan of Allocation, calculate the total amount each Authorized Claimant would recover in accordance with the calculations stated in subparagraph 50(a)(1) and then it will eliminate from the distribution any Authorized Claimant whose total *pro rata* share of the Net Settlement Fund is less than $10.00 as stated in subparagraph 50(a)(2). These Claimants will not receive any payment from the Net Settlement Fund and will be so notified by Analytics; (3) After eliminating Claimants who

2

would have received less than $10.00, Analytics will calculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more (the "Distribution Amount") as stated under subparagraph 50(c)(3); (4) Authorized Claimants whose Distribution Amount calculates to less than $100.00 as stated under subparagraph 50(c)(4) will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full"). These Authorized Claimants will get no additional funds in subsequent distributions; (5) 95% of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $100.00 or more under subparagraph 50(c)(3). The remaining 5% of the Net Settlement Fund will be held in reserve (the "Reserve") to address any tax liability and claims administration-related contingencies that may arise. To the extent the Reserve is not depleted, the remainder will be distributed in the "Second Distribution" described in subparagraph (f) below.

(d) In order to encourage Authorized Claimants to cash their checks promptly, all distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Lead Counsel and Analytics are authorized to take appropriate action to locate and contact Authorized Claimants who have not cashed their check within said time as detailed in paragraph 50(b) footnote 8 of the Simmons Declaration;

(e) Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions stated in paragraph 50(b) footnote 8 of the Simmons Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks will be available to be distributed to other Authorized Claimants in the second distribution. Similarly, Authorized Claimants who do not cash their

check from a second or subsequent distribution, should such distributions occur, within the time allotted or on the conditions stated in paragraph 50(b) footnote 8 of the Simmons Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund;

(f) After Analytics has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, as provided in paragraph 50(b) footnote 8 of the Simmons Declaration, but not earlier than seven (7) months after the Initial Distribution, Analytics will conduct a second distribution (the "Second Distribution"). After deducting Analytics' fees and expenses incurred in administering the Settlement for which it has not yet been paid, including Analytics' estimated costs of the Second Distribution, any taxes or estimated taxes, the costs of preparing tax returns, and any escrow fees, Analytics will distribute any amount remaining in the Net Settlement Fund, including from the Reserve and the funds for all void stale-dated checks, to all Authorized Claimants in the Initial Distribution who cashed their Initial Distribution check and are entitled to receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds. Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month intervals until Lead Counsel, in consultation with Analytics, determines that further distribution is not cost-effective;

(g) When Lead Counsel, in consultation with Analytics, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after March 9, 2020, those Claims will be processed. Any such Claims that are otherwise valid, as well as any earlier-received Claims for which an adjustment was received after March 9, 2020, and

4

resulted in an increased Recognized Claim amount, will be paid in accordance with subparagraph (h) below. If any funds remain in the Net Settlement Fund after payment of these late or late-adjusted Claims, the remaining balance of the Net Settlement Fund (after payment of any unpaid fees or expenses incurred in administering the Net Settlement Fund, taxes or estimated taxes, the costs of preparing tax returns, and any escrow fees) will be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court;

(h) No new Claims submitted after March 9, 2020, may be accepted, and no further adjustments to Claims received on or before March 9, 2020, that would result in an increased Recognized Claim amount, may be made for any reason after March 9, 2020, subject to the following exception. If Claims are received or modified after March 9, 2020, that would have been eligible for payment or additional payment under the Plan of Allocation if timely received, then, at the time that Lead Counsel, in consultation with Analytics, determines a distribution is not cost-effective as provided in subparagraph (g) above, and after payment of any unpaid fees, taxes, or expenses, these Claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity (to the extent possible) with other Authorized Claimants who have cashed all their prior distribution checks;

(i) All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement. All Class Members and other Claimants, whether or not they receive payment from the Net Settlement

Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants;

(j) All of Analytics' fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Initial Distribution of the Net Settlement Fund as stated in the invoices attached as Exhibit F to the Simmons Declaration are approved, and Lead Counsel is directed to pay the outstanding balance of $112,269.32 out of the Settlement Fund to Analytics; and

(k) Unless otherwise ordered by the Court, Analytics may destroy the paper copies of the Claims and all supporting documentation one year after the Second Distribution, and Analytics may destroy electronic copies of the same one year after all funds have been distributed.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this   18   day of   February   2020.

_____
The Honorable Ronnie Abrams
United States District Judge